**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BASSIL ALLY.** | ) | **CASE NO.4:09CV1144** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CITY OF YOUNGSTOWN, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Court's Order, dated August 8, 2011, ordering the parties to show good cause why the Motions for Summary Judgment, Motion to Bifurcate, Motion for Sanctions, briefs in opposition and replies should not be unsealed. Plaintiff does not oppose the Court unsealing the above materials. Defendants oppose unsealing, contending that the disclosure of certain evidentiary materials which it argues are work product and/or privileged materials would render harm to Defendants.

The Sixth Circuit has held that the general public has a right "to inspect and copy judicial documents and files." *In re Knoxville News–Sentinel Co., Inc.,* 723 F.2d 470, 474 (6th Cir.1983). In general, documents filed with the Court must be made available to the general public. *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir.1996).

The materials filed in this case are subject to a Stipulated Protective Order signed by counsel and the Court.  That Order states in pertinent part:

> 3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Any party may designate documents as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, work product, privileged, or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

The protective order acknowledges that filings under seal are generally disfavored. In the above case, Defendants have filed and/or caused to be filed under seal all substantive motions, oppositions and replies, along with exhibits and attachments.  The Court finds Defendants have painted this matter with too broad a brush and the confidential materials including audio recordings made by Plaintiff and the transcripts of those recordings do not warrant the sealing of any motion or brief that refers to those recordings.

Nor have Defendants shown good cause why the references to the recordings, including quotes from the audio recordings, used by Plaintiff in opposition to Defendants' Motions, warrant the sealing of the entire motion, brief or reply that contains such a reference. Finally, Defendants have not pointed the Court to any references in the above materials containing conversations discussing, criminal investigations or prosecutions that Defendants contend are work product or privileged materials.

Therefore, the Court orders unsealed the Motions for Summary Judgment, Motion for Sanctions and the Motion to Bifurcate and all opposing Briefs and Replies.  The Court finds the public interest in reviewing court filings, especially since Defendant Youngstown is a public entity, militates in favor of unsealing.  The Court will keep sealed the recordings and transcripts

of the recordings whether filed as exhibits to the above materials or separately.

     IT IS SO ORDERED.

                                         S/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

August 16, 2011